IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § <br> § <br> GOLDKING HOLDINGS, LLC, *et al.*,[1] § <br> § <br> Debtors. § <br> § <br> § | | Case No. 13-37200 <br><br> Chapter 11 <br> (Jointly Administered) |
| _____ | | |
| § <br> GOLDKING ONSHORE OPERATING, LLC § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> MICHAEL P. MARAIST § <br> § <br> Defendant. § <br> § | | <br><br><br><br> Adv. Proc. No. 14-_____ |

## COMPLAINT

Goldking Onshore Operating, LLC ("GOO" or the "Plaintiff") files the Complaint (the "Complaint") requesting relief, and alleges the following.

### Nature of the Action

1. This is an adversary proceeding commenced by Plaintiff, pursuant to §§ 105 and 542 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking (i) turnover relief under § 542(b) Bankruptcy Code to require Michael P. Maraist (the "Defendant") to pay the Unpaid Obligations (as defined below) owed by the Defendant to the

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Goldking Holdings, LLC (2614); Goldking Onshore Operating, LLC (2653); and Goldking Resources, LLC (2682). The mailing address for the Debtors is 777 Walker Street, Suite 2500, Houston, TX 77002.

1

Plaintiff and (ii) a judgment from this Court declaring the Defendant is in civil contempt pursuant to § 105 and 362 of the Bankruptcy Code for continuing, deliberate and wanton violation of § 542(b) of the Bankruptcy Code.

## Jurisdiction and Venue

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(E).

3. On November 20, 2013, the United States Bankruptcy Court for the District of Delaware entered its Order Granting Motion of Leonard C. Tallerine, Jr. and Goldking Capital LT Corp to Transfer Venue Of These Cases (the "Venue Transfer Order") (Bk. Doc. No. 88). The Venue Transfer Order transferred venue of the Bankruptcy Cases to the United States Bankruptcy Court for the Southern District of Texas (the "Court"). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and the Venue Transfer Order.

4. This adversary proceeding is initiated under Bankruptcy Rule 7001(1) and the statutory predicates for the relief requested herein are found in §§ 105, 362 and 542 of the Bankruptcy Code.

## Background

5. On October 30, 2013 (the "Petition Date"), GOO, Goldking Holdings, LLC ("Holdings"), and Goldking Resources, LLC ("Resources," collectively, with GOO and Holdings, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their properties and have continued to operate and maintain their business as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. The Debtors are performing their agreements for obligations arising post-petition. No

official committee of unsecured creditors has been appointed. No request has been made for the appointment of a trustee or examiner in these cases.

6. The Debtors own and operate oil and gas properties located in Iberville, Terrebonne and Vermilion Parishes, Louisiana, and in Aransas, Hardin and Jasper Counties, Texas.

7. The named Defendant is refusing to pay amounts due and owing to the Plaintiff and accordingly withholding from the Debtors property of the bankruptcy estate, and otherwise in breach of performance of agreements for which timely and full performance is due.

**Defendant**

8. Defendant, Michael P. Maraist, is an individual located in Lafayette, Louisiana. The Defendant may be served by service at 408 LeTriomphe Parkway, Broussard, Louisiana 70518 in accordance with Bankruptcy Rule 7004.

**Adversary Proceeding**

9. Pursuant to the Joint Operating Agreement (as amended, the "Agreement"), the Defendant was a working interest owner of certain wells leased or owned by the Plaintiff (the "Working Interest"). The Defendant is required to make payment to the Plaintiff for expenses invoiced to the Defendant's Working Interest.

10. The Defendant has failed and refused to pay the amounts which have been invoiced to the Defendant's Working Interest. As of November 30, 2013, the total outstanding amount of the Defendant owed to the Plaintiff was $43,330.56 (the "Unpaid Obligations"). The Unpaid Obligation may include amounts owed after the Petition Date. The amounts owing are just, true and correct, and reflect liquidated amounts due and payable to the Plaintiff. Attached as **Exhibit A** is an invoice detailing the Unpaid Obligations.

Case 14-03031 Document 1 Filed in TXSB on 02/05/14 Page 4 of 7

11. On January 16, 2014, Plaintiff served the Defendant with a final demand for the Unpaid Obligations (the "Demand Letter").

12. As of this date, the Defendant has failed to pay the Unpaid Obligations to the Plaintiff.

**COUNT I**
**Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542(b)**

13. The Plaintiff reasserts and realleges each of the allegations set forth in paragraphs 1 through 12 in their entirety.

14. The Defendant agreed to pay invoiced amounts attributable to the Defendant's Working Interest.

15. The Defendant has failed and refused to pay the Unpaid Obligations.

16. The Unpaid Obligations are subject to turnover pursuant to § 542(b) of the Bankruptcy Code, which provides, in relevant part:

> [A]n entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee….

11 U.S.C. § 542(b).

17. A debt is defined by the Bankruptcy Code as a "liability on a claim." 11 U.S.C. § 101(12). The Unpaid Obligations are a debt owed by the Defendant to Plaintiff.

18. The Unpaid Obligations are not of inconsequential value or benefit to the Debtors' estate. The amounts owing are just and true.

19. The Plaintiff respectfully requests judgment requiring the Defendant to pay the Unpaid Obligation, together with an award of interest and attorney's fees.

4

## Count II

### Civil Contempt Pursuant to 11 U.S.C. § 105(a) and 362(a)

20. Plaintiff reasserts and realleges each of the allegations set forth in paragraphs 1 through 19.

21. Bankruptcy courts have statutory authority to conduct civil contempt proceedings pursuant to the Bankruptcy Code. *See* 11 U.S.C. § 105(a), 362(a); *see also Placid Refining Co. v. Terrebone Fuel & Lube, Inc.* (*In re Terrebonne Fuel & Lube, Inc.*), 108 F.3d 609, 613 (5th Cir. 1997) ("[W]e assent with the majority of the circuits ... that a bankruptcy court's power to conduct civil contempt proceedings and issue orders in accordance with the outcome of those proceedings lies in 11 U.S.C. § 105.").

22. The Unpaid Obligations represent liquidated amounts due and owing to the Plaintiff, and represent property of the estate. Pursuant to § 542(b) of the Bankruptcy Code, the Defendant is obligated to pay the Unpaid Obligation to the Plaintiff. *See* 11 U.S.C. § 542(b).

23. Further, property of the estate is subject to protection from interference or any exercise of control adverse to the Debtors' claim of entitlement, possession and right pursuant to the automatic stay. By refusing to pay the amounts due to the Plaintiff, the Defendant is in violation of the automatic stay imposed by § 362(a) of the Bankruptcy Code.

24. The Unpaid Obligations represent working capital which the Debtors need to ensure the orderly operation of their business, and to enable payment to creditors under a plan of reorganization. The Defendant has enjoyed the benefit of the Debtors due and timely performance of its post-petition obligations, yet continues to fail and refuse to pay the amounts rightly due and owing under the terms of the underlying invoices presented.

25. The Defendant had actual and constructive knowledge of Plaintiff's bankruptcy case and of the automatic stay of acts to interfere with, retain, or to possess property of the estate. The Defendant nevertheless refuses to pay the Unpaid Obligations to the Plaintiff.

26. As a result, the Defendant is in civil contempt for his continuing, deliberate and wanton turnover property of the estate. Plaintiff is entitled to money damages as a result of the Defendant's civil contempt.

## COUNT III
### Costs and Attorney's Fees

27. Plaintiff reasserts and realleges each of the allegations set forth in paragraphs 1 through 26.

28. Defendant's failure to return and pay the Unpaid Obligation is both a breach of the Agreement and a violation of the stay. The Plaintiff is, therefore, entitled to recovery of attorneys' fees and costs associated with this legal enforcement action.

### Statement Regarding Consent

29. The Plaintiff consents to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

WHEREFORE, the Plaintiff requests that the Court enter a judgment: (i) requiring Defendant to pay $43,330.56; (ii) finding the Defendant in civil contempt; (iii) requiring Defendant to pay Plaintiff's costs and fees for bringing this Complaint; and (iv) granting such other and further relief as may be justly entitled.

Dated: February 5, 2014　　　　　　　　　Respectfully submitted,

**HAYNES AND BOONE, LLP**

*/s/ Patrick L. Hughes*
Patrick L. Hughes
Texas Bar No. 10227300
Charles A. Beckham, Jr.
Texas Bar No. 02016600
Christopher L. Castillo
Texas Bar No. 24065022
Arsalan Muhammad
Texas Bar No. 24074771
Haynes and Boone, LLP
1221 McKinney Street, Suite 2100
Houston, Texas  77010
Telephone:  (713) 547-2000
Facsimile:   (713) 547-2600

**COUNSEL FOR THE DEBTORS AND THE PLAINTIFF**